IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corine B. Jenkins, | ) | C/A No. 0:09-1653-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Corine B. Jenkins, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on March 22, 2010. The plaintiff has filed objections to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

the Magistrate Judge's suggestion of affirmance and the government has responded to such objections. It thus appears that this matter is ripe for review.

PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on February 3, 2006 alleging disability as of May 31, 2005 due to a work-related back injury. The plaintiff was 34 years old at the time she alleges disability. She has a high school education and past work experience as a dishwasher, housekeeper, prep cook, cashier/stocker, and delicatessen worker.

The plaintiff's applications were denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing and later issued a decision on April 17, 2009, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301– 1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1993). The burden of production and proof remains with the claimant through the fourth step. However, if the

claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir.1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

DISCUSSION

*The ALJ's Findings*

In his decision of April 17, 2009, the ALJ made the following findings: At Step 1, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. At Step 2, the ALJ found that plaintiff had the following "severe" combination of impairments: degenerative disc disease and borderline intellectual functioning. At Step 3, the ALJ found that plaintiff's impairments did not meet or medically equal any impairments in the Listings. The ALJ found that plaintiff retained her residual functional capacity ("RFC") to perform a reduced range of light work. At Step 4, the ALJ found that plaintiff could not perform her past relevant work. Finally, at Step 5, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy.

*The Magistrate Judge's Report and Recommendations*

The Magistrate Judge suggests that there is substantial evidence to support the ALJ's decision to deny benefits and that the Commissioner's decision should be affirmed.

*The Plaintiff's Objections to the Magistrate Judge's Report*

The plaintiff argued in her brief that the ALJ failed to conduct a proper listing analysis at Step 3, specifically that the ALJ should have found that plaintiff's overall medical condition meets or equals the criteria of Listing 12.05C for mental retardation. The plaintiff contends that because the ALJ found that she did not satisfy the introductory paragraph of 12.05, the ALJ's rejection of the plaintiff's IQ scores remains a deficiency in the listing analysis.

> Section 12.05's introductory paragraph states:
>
> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

20 CFR Pt. 404, Subpt. P, App. 1. § 12.00.

As the government correctly notes, in order to meet or equal Listing 12.05, a claimant must satisfy the diagnostic description in the introductory paragraph. If the claimant does not satisfy the diagnostic description in the introductory paragraph, then the ALJ will not proceed to review the four sets of criteria to determine if the impairment meets the listing.

The Magistrate Judge notes in the Report that although the plaintiff at the age of 14 had a full scale IQ score of 68, the ALJ observed that the plaintiff obtained a high school education and her work history includes some semi-skilled work. The ALJ further found that although the plaintiff met the first part of the introductory paragraph to Listing 12.05 (significantly subaverage general intellectual functioning), that the plaintiff showed no evidence of deficits in adaptive functioning required to demonstrate mental retardation. The

5

Magistrate Judge concludes, and this court agrees, that the ALJ's findings were supported by substantial evidence.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The court accepts the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

August 4, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge